THE STATE EX REL. ZOLLNER, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Zollner v. Indus.
Comm.* (1993), 66 Ohio St.3d 276.]

(No. 92–1753—Submitted March 16, 1993—Decided May 19, 1993.)

*Dorf & Rife, Joan H. Rife* and *Michael D. Dorf*, for appellant.

*Lee I. Fisher*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* Claimant alleges that the commission did not consider either the allowed psychiatric condition or Dr. Durgin's report. Both claims fail.

Claimant's first assertion is grounded in the omission of "dysthymic disorder" from the enumerated conditions in the permanent total disability order. Relying on *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 339, 533 N.E.2d 720, claimant contends that the omission constitutes an abuse of discretion. *Johnson, however,* is distinguishable. There, as here, the commission's order did not list an allowed psychiatric condition among the allowed conditions. However, in *Johnson,* the evidence upon which the commission relied to deny permanent total disability related solely to the claimant's physical condition. These two factors led us to question whether the commis-

sion indeed considered all allowed conditions. The order was accordingly returned for clarification.

In this case, permanent total disability denial was premised "particularly" on the reports of Dr. Steiman and Dr. Pritscher, who evaluated claimant's physical and *psychiatric* conditions respectively. Thus, the commission clearly took claimant's psychiatric condition into account in denying permanent total disability.

Claimant also argues that the commission erred in not reviewing Dr. Durgin's report. This assertion is also based on omission—the order's lack of reference to Durgin's narrative among the evidence considered. Claimant, however, has forfeited his right to pursue this argument.

A party who fails to raise an argument in the court below waives his or her right to raise it here. *State ex rel. Gibson v. Indus. Comm.* (1988), 39 Ohio St.3d 319, 530 N.E.2d 916. Before the appellate court, claimant argued that there was no evidence supporting the commission's decision. He did not argue in his brief that the commission did not consider Durgin's report or allege a resultant abuse of discretion. As review shows, the commission's second denial order also omitted reference to Durgin's report, despite the report's submission at that very hearing. As we stated in *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 200, 569 N.E.2d 496, 497:

"*Res judicata* operates 'to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' * * * It applies 'not only to defenses which were considered and determined *but also to those defenses which could properly have been considered and determined.*' * * *" (Emphasis added; citations omitted.)

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.