OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this pilot project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions.  The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


Columbia Gas Transmission Corporation v. An Exclusive Natural Gas Storage Easement in the Clinton Subterranean Geological Formation et al.
[Cite as Columbia Gas Transm. Corp. v. An Exclusive Natural Gas Storage Easement (1993),     Ohio St.3d    .]
Appropriation of underground gas storage easement --
    Determining measure of just compensation.
    (No. 93-129 -- Submitted June 3, 1993 -- Decided October 27, 1993.)
    On Order from the United States District Court, Northern District of Ohio, Eastern Division, Certifying a Question of State Law, No. C88-0936A.

    H. L. Snyder and Amos Perrine; Noble & Sullivan and David D. Noble, for petitioner Columbia Gas Transmission Corp.
    Vorys, Sater, Seymour & Pease, Stephen M. Howard and M. Howard Petricoff, for respondents Matthew K., Luann, Ross, and Phyllis G. McCullough, and Universal Exploration, Inc.
    Kenneth R. Long; Critchfield, Critchfield & Johnston, Daniel H. Plumly and Robert C. Berry, for amicus curiae East Ohio Gas Company.

    The United States District Court, Northern District of Ohio, Eastern Division, pursuant to S.Ct.Prac.R. XVI, has certified the following question to us:
    "According to the law of the state of Ohio, what is the measure of just compensation for the appropriation of an underground gas storage easement?"
    We hold that the proper manner to determine the value of an underground gas storage easement was delineated by United States District Court Judge Dowd, Jr., when he instructed the commission which he had appointed under Fed.R.Civ. P. 71A(h).  Judge Dowd's analysis is as follows:
    "In determining just compensation for the easement, you shall consider fair market value.  The fair market value is the fair and reasonable amount which could be attained in the open market at a voluntary sale.  In this case, there are alternative methods of determining fair market value based upon

your preliminary determinations, including whether there exists native natural gas in the Clinton formation under the condemned tract to the extent that its recovery would be economically justified.

"1. Comparable Sales.  One method in determining fair market value would be to consider comparable sales of easements for the purpose of allowing  the storage of natural gas in the Clinton formation.  If no evidence is offered of such comparable sales, this method is not available to assist you in determining just compensation.

"2. The Existence of Sufficient Natural Gas Allowing for the Commercial Recovery in Sale of the Natural Gas.  A second method of determining fair market value, and in turn just compensation, rests upon evidence offered by landowner that sufficient natural gas remains under the landowner tract so as to allow the commercial recovery and sale of that natural gas. If the landowner so proves, then in determining just compensation, you may assess the foreseeable net income flow from the property for its productive life reduced to a present value figure.

"In other words, in fixing just compensation, you would determine the probable revenues and costs for the production and sale of native natural gas from the condemned tract and reduce the net sales value by the interest the landowners will enjoy for an early, one time payment.

"3. The Fair Market Value of the Storage Easement Based upon a Capitalization of Retail Income for the Right to Store the Gas.  If you do not find there exists commercially recoverable reserves of oil and gas, a third alternative method of finding fair market value, and in turn just compensation, involves determining the fair market value of the storage easement based upon a capitalization of the rental income for the right to store the gas.  In so determining, you shall use the date of the filing of the condemnation as the starting point and the termination of the storage field as the ending date.

"Fair market value by a capitalization of the rental income is determined by multiplying the acreage rental by the comparable storage rights to arrive at the present worth of the future income stream.  In applying this method, the fair market value of the storage easement is equated to a capital sum which, when invested as of the date of filing, would earn income equal to the comparable storage rentals for the future.

"4. Depreciation in the Fair Market Value of the Condemned Tract as a Whole by Reason of the Taking of the Storage Easement.  This alternative method of determining fair market value, and, in turn, just compensation, involves determining the difference in the fair market value of the entire condemned tract before and after the taking.  This determination is accomplished by establishing the fair market value of the entire condemned tract before the taking and deducti[ng] the fair market value of the entire tract immediately after the taking.  If this method is chosen to determine just compensation, the fair market value of the storage easement is equated to the difference, if any, between these before - and - after values of the entire condemned tract.

"5. Mineral leases. The existence of a lease for the

production of native oil and gas from the property is not evidence of the existence of such oil and gas. However, you must award nominal damages to the holder of such a lease even if the presence of native oil and gas in paying quantities is not proven to a reasonable probability.

"6. Viewpoint of value.  Just compensation is measured from the point of view of the landowner.  The yardstick is what the landowner has lost, not what Columbia has gained. Therefore, you are not to consider the value of the storage easement to Columbia, nor may you consider any increase or increment in value by virtue of the activities of Columbia in reference to the gas storage field for which the easement is acquired.  For example, if there is, within the storage easement, some amount of native oil and gas, but not in paying quantities, so that they had no effect on the market value of the subject tract on the date of taking, you would not take native oil and gas into account."

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.