52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 COLUMBIA GAS TRANSMISSION CORPORATION, Plaintiff-Appellant,
v.
AN EXCLUSIVE NATURAL GAS STORAGE EASEMENT in the CLINTON
SUBTERRANEAN GEOLOGICAL FORMATION BENEATH a 264.12
ACRE PARCEL in PLAIN TOWNSHIP, WAYNE
COUNTY, OHIO; et al.,
Defendants-Appellees.
 No. 94-3111.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1995.
 
 Before: NORRIS and SUHRHEINRICH, Circuit Judges; BERTELSMAN, Chief District Judge.*
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 This case arises from a dispute between the parties concerning the amount of compensation to be paid by plaintiff, Columbia Gas Transmission Corporation, as the result of its exercise of the power of eminent domain to take property of defendants. The district court, pursuant to Federal Rule of Civil Procedure 71A(h), appointed a commission of three persons to determine the issue of compensation. The commission set just compensation at $213,798.
 
 
 2
 On appeal, this court concluded that the district court should have utilized Ohio law for determining just compensation and remanded the cause to the district court for a determination of applicable Ohio law. Furthermore, if on remand it appeared that Ohio law differed from the law originally applied by the district court, the parties would be permitted to submit new evidence. Columbia Gas Transmission Corp. v. An Exclusive Natural Gas Storage Easement, 962 F.2d 1192 (6th Cir.), cert. denied, 113 S.Ct. 659 (1992).
 
 
 3
 Upon remand, the district court certified to the Ohio Supreme Court the question of the proper measure to be used by Ohio courts in determining the just compensation due real property owners when a gas utility appropriates an easement allowing storage of gas in a particular geological formation beneath their land. In response, the Ohio Supreme Court said that the law to be applied was precisely the same as the law that the district court had originally utilized in instructing the commission. Columbia Gas Transmission Corp. v. An Exclusive Natural Gas Storage Easement, 67 Ohio St.3d 463 (1993).
 
 
 4
 In the district court's view, this response obviated any necessity for entertaining additional evidence. We agree. The district court then reinstated the commission's award, after repeating its earlier conclusion that the commission had acted within the confines of its instructions and the authority granted by law.
 
 
 5
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in reinstating the award.
 
 
 6
 Because the reasons judgment was properly entered in favor of defendants have been articulated by the district court, the issuance of a written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning employed by that court in its Memorandum Opinions issued on March 21, 1991, and December 27, 1993.
 
 
 
 *
 The Honorable William O. Bertelsman, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation