OPINION
Plaintiffs-appellants, Creshanna Workman, Steven Workman, Chase Workman, and Chelsea Workman, appeal a decision of the Brown County Common Pleas Court granting summary judgment in favor of defendant-appellee, GMAC Daily Rental ("GMAC"). We affirm the trial court's judgment.
On March 30, 1994, Creshanna rented a 1994 Chevrolet Astro Mini-Van from Barry McFarland Chevrolet for the family's Florida vacation. Barry McFarland Chevrolet had obtained the Astro Mini-Van from GMAC.[1] Creshanna completed the rental agreement required by the dealership in order to rent the van. The rental agreement used the term "Lessor" to refer to "the corporation or person providing the vehicle." The rental agreement also contained a provision offering liability and physical damage insurance, and it set forth the limits of the insurance. Creshanna purchased the insurance, and CNA Insurance Company ("CAN") issued a policy.[2]
On April 6, 1994, appellants were returning from their trip to Florida. Creshanna was driving the rented Astro Van. As she drove on State Route 32 in Ohio, Creshanna fell asleep at the wheel. The van was in the median when she awoke. When Creshanna tried to drive the van back onto the road, she lost control; the van tipped over onto the driver's side, slid down the road, and eventually came to a stop. Creshanna admitted that she was at fault for the accident.
On April 6, 1996, appellants filed suit against GMAC as the sole defendant. In their complaint, appellants alleged that Creshanna had entered into an insurance agreement with GMAC, which covered bodily injury and property damage, when she completed the van's rental agreement. GMAC moved for summary judgment, arguing that the undisputed facts showed that it did nothing to cause the accident and that it was neither a party to the rental agreement nor an insurer. In the alternative, GMAC argued that, even if it acted as an insurer, the failure to sue Creshanna as the tortfeasor prevented appellants from suing GMAC under Ohio law.
The trial court granted GMAC's motion, finding that no genuine issues of material fact existed and that GMAC was not liable for bodily injuries or property damage resulting from the accident. The trial court held that GMAC was not a party to the rental agreement; that it was not an insurer under the rental agreement; that it was not liable under the rental agreement issued by CNA; and that, even if it had acted as insurer, appellants could not directly sue GMAC under Ohio law.
Appellants now appeal, raising two assignments of error, which we address out of order. In their second assignment of error, appellants claim that:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS/APPELLANTS IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT ABSENT LEAVE OF COURT TO FILE SAME.
Appellants argue that, since the court had already set the case for pretrial hearing, GMAC could not move for summary judgment without leave of court pursuant to Civ.R. 56(C). Accordingly, appellants contend that the court should not have considered GMAC's summary judgment motion absent such leave.
Appellants have waived review of this issue. A party who fails to raise an argument in the court below waives his or her right to raise it on appeal. Zollner v. Industrial Comm. (1993),66 Ohio St.3d 276, 278. Appellants did not contest GMAC's ability to file its summary judgment motion without leave in the trial court. Instead, appellants responded to GMAC's motion by filing an answer. As they concede in their brief, appellants never raised this issue in the trial court. They have waived appellate review. See Moats v. Metropolitan Bank of Lima (1974), 40 Ohio St.2d 47,49-50 (court will not address questions that were neither raised nor passed upon by lower court). Appellants' second assignment of error is overruled.
In their first assignment of error, appellants claim that:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Appellants argue that, even if the court could consider GMAC's motion, it improvidently granted summary judgment in favor of GMAC because three issues of material fact remain to be determined. Appellants argue that issues of material fact exist regarding the identity of the parties to the rental agreement, the identity of the insurance company insuring Creshanna, and the terms and types of insurance coverage provided under the rental agreement.
In reviewing the granting of summary judgment, we review the grant of the motion for summary judgment independently and do not defer to the trial court's determination. Schuch v. Rogers
(1996), 113 Ohio App.3d 718, 720. Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679, 686-87.
An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,741. A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v.Stidham (1995), 107 Ohio App.3d 363, 371. In deciding whether there is a genuine issue of material fact, the evidence and the inferences drawn from the underlying facts must be construed in the nonmoving party's favor. Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485.
First, appellants claim that a genuine issue of material fact exists regarding the identity of the parties to the rental agreement. We find, as did the trial court, that the identity of the parties to the rental agreement presents no genuine issue of material fact. Appellants and appellee agree that Creshanna obtained the mini-van at Barry McFarland Chevrolet. The rental agreement itself shows that the parties to the agreement are Creshanna, the "customer signing the agreement," and "Lessor," which is defined as "the corporation or person providing the Vehicle." Appellants have presented no substantial evidence showing that GMAC "provided" the vehicle to Creshanna so that it is the "Lessor" under the rental agreement.
Even assuming that the identity of the parties to the rental agreement was in dispute, that issue is neither relevant nor material to appellants' claims. Creshanna admits, in her complaint, that she "lost control of the vehicle, causing same to overturn and slide to the south side of the roadway." Creshanna never alleges any facts showing that GMAC, even acting as "Lessor" under the rental agreement, facilitated the accident or was somehow liable for the accident. Accordingly, the identity of the "Lessor" does not affect the outcome of the litigation.
Second, appellants argue that a genuine issue of material fact exists regarding the identity of the company insuring Creshanna under the terms of the rental agreement. The rental agreement states that "[a] Bodily Injury and Property Damage Policy covers [Creshanna] as an additional insured," and it explains the policy limits. The rental agreement is not a policy in and of itself, and it does not name GMAC as the insurer. In fact, the parties agree that CNA issued a policy, naming GMAC as its insured and Creshanna as an additional insured. Although the rental agreement does not state the insurer's name, there is no substantial evidence that GMAC was the insurer under the rental agreement or that GMAC misrepresented that it was the insurer. Any ambiguity regarding the identity of the insurer was resolved when CNA issued the policy. There is no dispute that GMAC was not the insurer under the rental agreement, and that CNA was.
Finally, appellants argue that an issue of material fact exists regarding the terms and types of insurance coverage provided under the rental agreement. As previously stated, the rental agreement does not itself constitute an insurance policy. Since GMAC was not an insurer under the rental agreement, the terms and types of coverage described in the rental agreement are irrelevant for purposes of appellants' lawsuit against GMAC. The first assignment of error is overruled. We find the trial court properly granted summary judgment in favor of GMAC.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] The relationship between Barry McFarland Chevrolet and GMAC is unclear. The rental agreement is stamped with GMAC's logo, but the rental agreement does not explain GMAC's relationship to the dealership or its interest in the rental agreement.
[2] A copy of the policy itself is not contained in the record, but both parties agree that CNA issued the policy.