JOURNAL ENTRY AND OPINION
Plaintiff-appellant/cross-appellee Orange Village appeals from the trial court's denial of its motion for judgment notwithstanding the verdict and/or new trial or remittitur regarding the trial court's confirming a jury verdict of $650,000 as just compensation for a parcel of land appropriated from defendant-appellee Tri-Star Development Co. We find no merit to the appeal and affirm the trial court's judgment.
On March 15, 1999, plaintiff filed a petition for appropriation against the defendant regarding defendant's parcel of the land. The appropriation was granted. The parties were unable to come to an agreement, however, regarding the just compensation for the parcel of land, and therefore a jury trial was conducted before the probate court.
At trial, the evidence indicated that, in 1986, the defendant purchased the subject one-acre parcel of land which is located in Orange Village. It is bordered on the north by Orange Place, which is a conglomeration of restaurant, hotels and office buildings, on the south by residential property, on the east by a Travelodge Hotel, and on the west by a 26.8 acre tract of undeveloped land owned by the City of Cleveland. This Cleveland property is landlocked as it has no means of ingress and egress except through the defendant's property.
Shortly after purchasing the property, the defendant abandoned its plans to build an office building due to the saturation of the office market. Defendant therefore entered into negotiations with Figgie International which was in negotiations with the City of Cleveland regarding purchasing and developing the 26.8 acre tract of land west of the subject parcel. However, negotiations broke down when Figgie International discovered that the plaintiff was planning on taking the defendant's property by appropriation in order to create a roadway to Orange Place, which was cut off from the rest of the Village. In 1998, a resolution was passed by the plaintiff to acquire the property, and new zoning regulations were put into place, which further limited the development of the subject parcel.
Both the plaintiff and defendant presented their respective appraisers in order to determine the value of the parcel of property. John A. Davis testified on behalf of the defendant and valued the parcel at $900,000. He arrived at this value by considering the parcel of property in conjunction with the landlocked Cleveland property to the west. He testified that in order to obtain the highest and best use of the subject parcel it would have to be assembled with the property to the west so that the parcel could be developed by either building a hotel/motel or restaurant. Davis testified that such an assemblage was likely given the landlocked nature of the Cleveland property. Davis compared the property with recent sales of property in the area.
Lawrence A. Kell testified on behalf of the plaintiff and valued the parcel between $150,000 and $195,000 using a comparison sales approach and a land residual approach. This approach involved determining the highest and best use of the parcel and looking at comparable sites to determine the value of the property.
In arriving at this estimated value, he did not consider assembling the parcel with the Cleveland property.
Based on the evidence presented, the jury found the value of the property to be $650,000. The trial court confirmed the jury's verdict. The plaintiff thereafter filed its motion for judgment notwithstanding the verdict and/or for new trial or remittitur, which the trial court denied.
The plaintiff timely appeals the trial court's denial and asserts three assignments of error. Defendant asserts one cross assignment of error.
 I. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT IN DETERMINING FAIR MARKET VALUE OF THE SUBJECT PROPERTY THEY MAY CONSIDER A SPECULATIVE ASSEMBLAGE THEORY WHICH WAS INADMISSIBLE AS A MATTER OF LAW AND IN REFUSING TO INSTRUCT THE JURY TO THE CONTRARY.
The plaintiff contends the trial court erred in instructing the jury that it could consider the enhanced value of the subject property by assemblage of the adjoining Cleveland property, and that even if such instruction were proper, the trial court erred in not instructing the jury that such assemblage must be reasonably probable.
The Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, Section 19 of the Ohio Constitution guarantee just compensation for the taking of private property for public use. In an appropriation proceeding under R.C. Chapter 163, the measure of just compensation is the fair market value of the property taken. Columbia Gas Trans. Corp. v. An Exclusive Natural Gas Storage Easement(1993), 67 Ohio St.3d 464, 464. The fair market value of property is the price on which a willing seller and a willing buyer would settle in a voluntary sale. The determination of the fair market value of appropriated property must be made upon consideration of what it is worth generally for any and all uses for which it might be suitable, including the most valuable uses to which it can reasonably and practically be adapted. Sowers v. Schaeffer (1951),155 Ohio St. 454, paragraph three of syllabus.
The trial court instructed the jury in pertinent part as follows:
 If reasonable, you may find that the highest and best use of the subject property may be a use in conjunction with other parcels, and any increment of value resulting from such combination may be taken into consideration in valuing the subject property. (TR. 540-541).
We find no error in this instruction. The fact that the adjoining Cleveland property is landlocked has a tremendous impact on the subject property which provides the Cleveland property with the only means of ingress and egress. In fact, negotiations were entered into by Figgie International, the prior developer of the property, with the defendant, with the goal of making the Cleveland property accessible. After Figgie International discovered that the plaintiff was contemplating appropriating the property, however, the negotiations stalled.
It is simply not reasonable to conclude that if the appropriation did not occur, the City of Cleveland or the new developer of the land would have chosen to keep the property landlocked instead of entering into an agreement with the defendant. Such an arrangement is not speculative because the arrangement would have been the only choice the City of Cleveland would have in order to make any use of its property.
We acknowledge that this court in Weir v. Kebe (April 15, 1982), Cuyahoga App. No. 43722, 43723, unreported, held that in an appropriation proceeding a property owner may not enhance the value of his property by proof of contingent and prospective uses of the property relative to the adjoining property of other persons. However, the reasoning behind this holding was that such evidence would be largely speculative. In the case before us, we find we have the unique circumstance where such evidence is not largely speculative.
The United States Supreme Court in Olson v. United States (1934),292 U.S. 246, 256-257 held:
 The fact that the most profitable use of a parcel can be made only in combination with other lands does not necessarily exclude that use from consideration if the possibility of combination is reasonably sufficient to affect the market value.
* * *
 Elements affecting value that depend upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable, should be excluded from consideration for that would be to allow mere speculation and conjecture to become a guide for the ascertainment of value — a thing to be condemned in business transactions as well as in judicial ascertainment of truth.
We find in the case herein that the assemblage of the parcel with the Cleveland property is a reasonable consideration in determining the market value, given the fact that the Cleveland property would be landlocked without entering into an agreement with the defendant, and the fact that negotiations had occurred with the prior developer of the Cleveland property. The defendant's expert also testified that, given the landlocked nature of the Cleveland property, an assemblage should not be ignored in valuing the property (TR. at 293) and stated that the prospect for such an assemblage was a strong likelihood. (TR. at 318).
We find that the trial court did not err in instructing the jury that it could consider the value of the property as enhanced by the adjoining Cleveland property. The trial court, therefore, did not err in denying the plaintiff's motion for judgment notwithstanding the verdict and/or new trial or remittitur on this basis.
We find plaintiff's argument that the trial court also failed to instruct the jury that the assemblage must be reasonably probable was waived. Reviewing the transcript, the defendant's objection was to the instruction on assemblage in its entirety based on this court's opinion in Weir v. Kebe. The plaintiff sought to have the court instead instruct the jury that the property value may not be enhanced by proof of contingent or prospective use of the property relative to adjoining properties. (TR. 499). Once the court informed counsel it was going to instruct on the assemblage theory, counsel never requested the reasonably probable language.
Under Civ.R. 51(A), a party may not assign as error on appeal the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. The reason for requiring particularity in the objection is to give the trial court the opportunity to correct a mistake before the jury retires. R.H. Macy 
Co., Inc. v. Otis Elevator(1990), 51 Ohio St.3d 108, 110. Plaintiff also failed to raise this issue in its motion for judgment notwithstanding the verdict and/or new trial or remittitur which is the only trial court order from which the plaintiff appeals.
Plaintiff's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN EXCLUDING THE VILLAGE PLANNER FROM THE PLAINTIFF'S TRIAL TABLE DURING TRIAL WHERE HE WAS THE PROPERLY DESIGNATED REPRESENTATIVE OF ORANGE VILLAGE AND ESSENTIAL TO THE PREPARATION OF THE CASE.
Plaintiff argues that the trial court erred in denying its motion for a new trial based on the trial court's ordering George Smerigan, the Village planning consultant, to be excluded during the testimony of other witnesses instead of permitting him to sit at the trial table of Orange Village. Plaintiff contends that Smerigan was an officer or employee of the Village and essential to the presentation of its case pursuant to Evid.R. 615.
Evid.R. 615 states in pertinent part:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
The separation of witnesses is a matter within the discretion of the trial court. Oakwood v. Makar (1983), 11 Ohio App.3d 46, 48. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We find no abuse of discretion.
On appeal, the plaintiff argues that Smerigan was essential to its case as Smerigan played a substantial role in advising the plaintiff regarding the extension of Orange Place. However, nowhere in its motion before the trial court does the Village make this argument. A party who fails to raise an argument in the court below waives his or her right to raise it on appeal. State ex. rel. Zollner v. Indus. Comm. of Ohio (1993),66 Ohio St.3d 276, 278. Nevertheless, even if it had been raised, we do not find that Smerigan was essential to the presentation of the case. Although the plaintiff's decision to appropriate the parcel to extend Orange Place led to the proceedings, the issue at trial was the value of the property, not the validity of the appropriation.
In its motion before the trial court, the plaintiff argued that the court erred in excluding Smerigan based on the fact he was an officer of the Village and designated by the Village as the trial representative. We find that even if this were true, plaintiff was not prejudiced by not having Smerigan sit at the trial table. Plaintiff argues that it was prejudiced because Smerigan's absence made plaintiff look unfavorable to the jury. However, any impression on the jury is purely speculative. Gary Marr, Executor of the Estate of Ronald Marr, deceased v. Mercy Hospital(May 22, 1998), Lucas App. No. L-97-1160, unreported. The plaintiff could have requested a curative instruction from the trial court but failed to do so. Absent such a request, plaintiff may not now complain that the exclusion affected the jury. Id.
Plaintiff's second assignment of error is overruled.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN EXCLUDING THE PURCHASE PRICE OF THE SUBJECT PROPERTY WHICH WAS PROBATIVE OF VALUE AND ADMISSIBLE FOR PURPOSES OF IMPEACHMENT.
Plaintiff contends that the trial court erred in not permitting it to introduce evidence of the purchase value of the property from thirteen years earlier.
The trial court has broad discretion in the admission and exclusion of evidence under Evid.R. 403. Shimola v. Cleveland (1992),89 Ohio App.3d 505, 511. A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced thereby. Id.
The Ohio Supreme Court in Ohio Turnpike Comm. v. Ellis (1955),164 Ohio St. 377, paragraph nine of syllabus held:
 In an appropriation proceeding, evidence as to the price paid by the owner of the property is admissible as bearing on its value at the time of the proceeding, provided the purchase was not made so long before the appropriation proceeding as to afford no fair measure of value.
The Supreme Court went on to state that much must be left to the discretion of the trial court in the matter of admitting or rejecting evidence relating to the value of the appropriated property. Evidence of this character generally goes to the weight of the evidence rather than to its admissibility. Id. at 388. In the case herein, given that the purchase price of the appropriated property was from thirteen years earlier, we cannot say the trial court abused its discretion in not admitting such evidence, and the failure to allow evidence of the purchase price did not constitute grounds for granting plaintiff's motion for a new trial.
Plaintiff's third assignment of error is overruled.
In view of our disposition of the foregoing assignments of error, defendant's cross assignment of error is moot and will not be addressed. App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Probate Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ COLLEEN CONWAY COONEY, JUDGE
JAMES J. SWEENEY, P.J. and TERRENCE O'DONNELL, J., CONCUR