VANDIVER, Appellee,

v.

**MORGAN ADHESIVES COMPANY, Appellee; Industrial
Commission of Ohio, Appellant.**

[Cite as *Vandiver v. Morgan Adhesives Co.*, 146 Ohio App.3d 423, 2001–Ohio–1520.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20462.

Decided Oct. 17, 2001.

John S. Regas, for appellee John C. Vandiver.

George H. Rosin and James T. Stimler, for appellee Morgan Adhesives Co.

Betty D. Montgomery, Attorney General, Mark E. Mastrangelo and Eugene B. Meador, Assistant Attorneys General, Workers' Compensation Section, for appellant.

BATCHELDER, Presiding Judge.

{¶1} Appellant, the Industrial Commission of Ohio ("Industrial Commission"), appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

{¶2} John C. Vandiver was an employee of Morgan Adhesives Company ("Morgan Adhesives"), a self-insuring employer. On November 21, 1994, some of Vandiver's co-workers threw dry ice into the bathroom stall where Vandiver was located. The dry ice exploded, injuring Vandiver. Vandiver filed a workers' compensation complaint against Morgan Adhesives, the Industrial Commission, and James Conrad, as Administrator for the Bureau of Workers' Compensation, for injuries arising out of the incident.

{¶3} A trial was scheduled for February 10, 2000. On that day, Vandiver and Morgan Adhesives signed a settlement agreement, which required in part that Morgan Adhesives pay Vandiver $100,000 in exchange for Vandiver's resignation and a full settlement of all of his workers' compensation claims. As part of the settlement agreement, Vandiver specifically waived his right to withdraw consent during the thirty-day waiting period under R.C. 4123.65(C). Regarding the waiver, the settlement agreement stated that "[t]he parties waive the thirty (30) day period for Industrial Commission approval as set forth in R.C. 4123.65." As the parties had reached a settlement, the trial court dismissed the case with prejudice.

{¶4} On February 11, 2000, the settlement agreement was submitted to the Industrial Commission for approval pursuant to R.C. 4123.65(D). On February 16, 2000, a staff hearing officer for the Industrial Commission reviewed the settlement agreement and determined that the settlement agreement was not clearly unfair and not a gross miscarriage of justice and, therefore, approved the agreement. See R.C. 4123.65(D). On March 10, 2000, within thirty days after the settlement agreement was signed, Vandiver gave notice of his intent to withdraw his consent to the aforementioned settlement agreement, pursuant to R.C. 4123.65(C). A staff hearing officer for the Industrial Commission again approved the settlement agreement on March 13, 2000.

{¶5} Subsequently, Vandiver moved for relief from judgment pursuant to Civ.R. 60(B), claiming that he was permitted to withdraw consent to the settlement under R.C. 4123.65(C). Morgan Adhesives opposed the motion and moved to enforce the settlement agreement, arguing that Vandiver had expressly waived, as part of the settlement agreement, the thirty-day period to withdraw consent. The Industrial Commission did not take an official position on the aforementioned issues raised by Morgan Adhesives and Vandiver during the proceedings before the trial court. After a series of hearings, the trial court

denied Vandiver's motion in a decision journalized on January 22, 2001. Further, the trial court enforced the settlement agreement, including Vandiver's waiver of his statutory right to withdraw consent during the thirty-day waiting period, thereby making the settlement binding on the parties. The Industrial Commission appealed the decision. Vandiver did not appeal.

{¶6} The Industrial Commission asserts two assignments of error. We will discuss them together to facilitate review.

### First Assignment of Error

{¶7} "The trial court erred when it allowed a waiver of the 30-day cooling off period in violation of R.C. § 4123.65 and current caselaw [sic]."

### Second Assignment of Error

{¶8} "The trial court erred when it enforced a waiver of the 30–day cooling off period in violation of public policy."

{¶9} In its first and second assignments of error, the Industrial Commission avers that the trial court erred when it enforced Vandiver's waiver of the thirty-day waiting period prescribed in R.C. 4123.65(C). To this end, the Industrial Commission argues that enforcing such a waiver provision contained in a settlement agreement violates public policy, as it circumvents the clear intention of the legislature to allow either party to the settlement agreement to withdraw consent during the thirty-day waiting period. See R.C. 4123.65.

{¶10} The Industrial Commission, however, failed to preserve these issues for its appeal. It has long been recognized that the "failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099; see, also, *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830. While Vandiver and Morgan Adhesives raised these issues before the trial court, the Industrial Commission declined to take an official position on the issue when given the opportunity by the trial court. Specifically, in a hearing held on June 19, 2000, counsel for the Industrial Commission stated that the "Industrial Commission did not have an official position as to whether [the Industrial Commission] want[s] to have the court find that the statutory 30 day period is waived or not. That doesn't mean that later on we may not have an official position on it. But for purposes of today, I'm not here arguing that there should be a 30 day cooling off period or not."

{¶11} In response, the trial court cautioned:

{¶12} "From appellate viewpoint, that would make an interesting argument not raising it at this level but wanting to raise whatever position you want to raise for the first time on the appellate level should it get that far."

{¶13} Despite this warning, counsel for the Industrial Commission did not take a stance on the issue. Moreover, during the pendency of Vandiver's motion for relief from judgment, the Industrial Commission did not file any motions or memoranda addressing the issue of whether the R.C. 4123.65(C) waiver provision in the settlement agreement was enforceable. Rather, the Industrial Commission twice approved the settlement agreement between Vandiver and Morgan Adhesives. Accordingly, as the Industrial Commission argues its position for the first time before this court, we conclude that the Industrial Commission has waived its right to argue these issues on appeal. The Industrial Commission's assignments of error, therefore, are overruled.

{¶14} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

BAIRD and SLABY, JJ., concur.