This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Raymond Thrower has appealed from a judgment of the Summit County Court of Common Pleas that affirmed a decision of the Akron Housing Appeals Board (the "Board"). The Board had determined that an order to comply with the Akron Environmental Health and Housing Code issued to Appellant was valid and properly served, and adequate time was given to comply with the order. This Court affirms.
 I
In the fall of 2000, the Akron Health Department conducted a mandatory inspection of Appellant's rental property located at 436 Lovisa Street pursuant to Akron Codified Ordinance ("A.C.O.") 150.40(A)(2). Inspectors discovered several violations of the Akron Environmental Health and Housing Code ("housing code"), and on September 20, 2000, issued Appellant an order to comply listing the corrections necessary to make the property compliant with the code. Specifically, the order required Appellant to repair electrical wiring, provide screening for doorways and windows, provide handrails, replace broken or missing glass, repair or replace gutters and downspouts, make repairs to the porch and driveway, cut high grass and weeds, and pay the inspection fee as required by A.C.O. 150.40. The order stated that the property was to be made compliant with the housing code by October 20, 2000.
On September 28, 2000, Appellant filed a notice of appeal of the order with the Board. On November 21, 2000, Appellant appeared before the Board and presented his appeal. Appellant conceded that some of the repairs had still not been undertaken, and requested an additional ninety days to complete the repairs to the handrails, windows, gutters, and driveway. The Board denied Appellant's appeal, finding that the order was properly served and that adequate time was given to comply with the order.
Appellant then filed a notice of appeal of the Board's decision with the Summit County Court of Common Pleas. The common pleas court affirmed the decision of the Board on July 31, 2001. Appellant has timely appealed from the order of the common pleas court, asserting seven assignments of error. This Court has consolidated Appellant's assignments of error to facilitate review.
 II
Appellant's administrative appeal to the common pleas court from the Board's decision is governed by R.C. 2506.01 et seq. See R.C. 2506.01. R.C. 2506.04 provides the standard of review for the common pleas court:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
This Court has recently set forth our standard of review for appeals from administrative appeals to the common pleas court pursuant to R.C. Chapter 2506:
 Our standard of review is even more limited. We must affirm the court of common pleas unless that court's decision "`is not supported by a preponderance of reliable, probative and substantial evidence.'" Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613, quoting Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34. In making this determination, we apply an abuse of discretion standard. Nauth v. Sharon Twp. Bd. of Zoning Appeals
(Sept. 2, 1998), Medina App. No. 2754-M, unreported, at 4. An abuse of discretion is more than an error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Russel v. Akron Dept. of Public Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432.
 Assignment of Error Number One The trial court erred to the prejudice of [Appellant] by not finding that the Housing Appeals Board abused it's discretion in not allowing [Appellant] an extension, not taking into consideration the winter conditions to fix the housing violations. Per the housing code 150. et seq., other codes the Housing Appeals Board/Health Dept. has moved away from the criminal court for violations, but not for Appellant, violating the Equal Protection Clause of the Ohio and United States Constitution [sic][.]
In his first assignment of error, Appellant has argued that trial court erred in failing to conclude that the Board should have granted Appellant more time to comply with the order because of inclement weather conditions at the time of the appeal. Appellant has asserted that "when the appeal was perfected, it was the middle of winter, with sub-zero temperatures."
The common pleas court noted that the original order was served on September 20, 2000, with a compliance date of October 20, 2000. The court determined that winter weather conditions should not have posed an obstacle to compliance at that time. Furthermore, Appellant presented his appeal to the Board on November 21, 2000, at which time Appellant still had not completed the repairs. The common pleas court did not abuse its discretion in finding Appellant's argument without merit.
Appellant's first assignment of error, as well as each subsequent assignment of error, has also asserted various violations of his constitutional rights. Appellant's assertions, however, are mere conclusory allegations that are unsupported by legal arguments and are unsubstantiated by any evidence in the record. Without argument or evidentiary support, neither this Court nor the common pleas court can conduct a meaningful analysis of the alleged violations of Appellant's constitutional rights. Accordingly, the common pleas court did not err in finding that Appellant's constitutional arguments lacked merit.
Finally, Appellant has argued that the court of common pleas abused its discretion by not granting Appellant more time to bring the electrical wiring into compliance with the housing code. Appellant has claimed that the time necessary for the city to dispatch an inspector to approve the wiring repairs should not have been charged to him. However, Appellant did not raise this issue in his administrative appeal to the common pleas court. Appellant's failure to raise this argument constitutes a waiver of his right to assert it for the first time on appeal. See State ex rel.Zollner v. Indus. Comm. (1993), 66 Ohio St.3d 276, 278.
 Assignment of Error Number Two The order on this property where issued in retaliation for [Appellant's] successful appeal/appeal of condemnation order — on 335 1/2 Parkwood exercising his right to "access to the courts", see "motion for leave" filed 12/20/00, violating — Appellant's due process rights, 14th Amendment, 1st, 5th 6th Amendment [sic][.]
In his second assignment of error, Appellant has argued that the order to comply issued on September 20, 2000, was motivated by the Board's desire for retaliation against Appellant. Specifically, Appellant has argued that the Board sought retaliation for Appellant's successful appeal of a condemnation order issued by the Board for another property owned by Appellant, at 335 1/2 Parkwood in Akron.
The only suggestion in the record of a successful appeal brought by Appellant against the Board is Appellant's unsupported assertion. Moreover, as the common pleas court determined, "the record has absolutely no evidence of a retaliatory motive on the part of the Board." Accordingly, the court did not abuse its discretion in rejecting Appellant's argument.
 Assignment of Error Number Three Due to a fire 3 to 4 years ago this structure is unoccupied. Building permits have been secured and work has been being performed on the structure on a continuous basis and the Health Department has no standing to issue orders on a construction project that is not complete. This is a violation of [Appellant's] due process right under the 14th Amendment.
In his third assignment of error, Appellant has argued that the Akron Health Department lacked jurisdiction to issue the order to comply with respect to Appellant's property at 436 Lovisa. Appellant has argued that the structure at 436 Lovisa was not subject to the housing code.
R.C. 2505.03(C) provides that the Rules of Appellate Procedure apply to administrative appeals to the court of common pleas to the extent that the rules are not in conflict with R.C. Chapter 2505. The Rules of Appellate Procedure require that the appellant's brief include:
 An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies.
App.R. 16(A)(7).
In his appeal to the court of common pleas, Appellant's argument in support of his third assignment of error stated, in its entirety:
Hence, transcript bottom page 8
 "orders were legally prepared" must be reversed as health dept has no standing only building dept has standing.
The common pleas court determined that this "assignment of error lacks a legal argument and is therefore without merit and overruled." Pursuant to App.R. 12(A)(2), an appellate court may disregard errors not separately assigned and argued in an assignment of error. Akron v. Wendell (1990),70 Ohio App.3d 35, 46; Ferreri v. McShane (Oct. 17, 1990), Summit App. No. 14433, unreported, at 2. The trial court therefore did not abuse its discretion in overruling Appellant's third assignment of error.[1]
 Assignment of Error Number Four The record does not reveal that there was sufficient evidence to "deny the appeal." See Tp. since per the Record the only Testimony on the record shows that all orders had been complied with or were in the process of being complied with, thereby violating [Appellant's] Due Process Rights 5th, 14th Amendment — U.S. Constitution [sic].
In his fourth assignment of error, Appellant has argued that there was "insufficient evidence" to deny his appeal. Appellant has claimed that by the time of his appeal to the Board, he had substantially completed the repairs required by the order to comply.
In his argument to the common pleas court, Appellant asserted that "all orders were complied with, except finishing the windows, back porch railings and one piece of spouting[.]" The court concluded that "Appellant's own argument defeats this assignment of error." This Court can find no abuse of discretion by the common pleas court in making this determination.
Appellant has also argued that the Board failed to prove that Appellant was convicted of any prior violations of the housing code, and therefore Appellant was improperly charged with mandatory inspection fees pursuant to A.C.O. 150.40. However, Appellant failed to raise this argument to the court of common pleas, and has thereby waived his right to assert it before this Court. See Zollner, 66 Ohio St.3d at 278.
 Assignment of Error Number Five The Housing Appeals Board, Health Dept., erred when it issued orders in re inspection fees, on the property 436 Lovisa, when same is not being rented and the issue of the inspection fees is on appeal, at the time of the assessment, now on appeal case # 5:01CV2441, depriving the state court of jurisdiction to assess the inspection fees, when the issue of same is pending in the federal court, prejudicing [Appellant] causing reversible error. Violating the Ohio U.S. Constitution, Due Process, Equal Protection Clause, 5th 14th Amendment [sic].
 Assignment of Error Number Six The Housing Appeals Board, common pleas court, committed reversible error when it allowed [Appellee] to assess inspection fees, when "the failure to commence an action (in re inspection fees) within () year(s) after the violation of an ordinance or commission of an offense covered by R.C. () deprives the court of jurisdiction to hear the prosecution, and if judgment is entered against the Appellant it is void.", in re the inspection fees, Appellee waiting too long to commence the collection of same violating the Due Process Clause, Equal Protection of the 14th Amendment of the United States Constitution, and the Ohio Constitution, Sections 10 and 15 of Article One, prejudicing [Appellant][sic][.]
 Assignment of Error Number Seven The Housing Appeal Board, common pleas court, committed reversible error, when it assessed [Appellant] an inspection fee, when per the record of the Housing Appeals Board, there was no proof that [Appellant] had ever been convicted of a housing code violation that would trigger the inspection fee process, prejudicing [Appellant], Appellee not meeting it's burden of proof as a matter of law, violating the Equal Protection Clause, Due Process Clause of the United States Constitution, and the Ohio Constitution, Section 10 and 15 of Article One same, prejudicing [Appellant] [sic][.]
In his fifth, sixth, and seventh assignments of error, Appellant has challenged the jurisdiction of the Board and the court of common pleas over the issue of inspection fees chargeable to Appellant. A review of the record, however, reveals that Appellant did not raise these issues in his administrative appeal to the court of common pleas. Appellant's failure to raise these arguments in the court below precludes this Court from addressing them for the first time on appeal. Hypabyssal, Ltd. v.City of Akron Housing Appeals Board (Nov. 22, 2000), Summit App. No. 20000, unreported, at 5, citing Zollner, 66 Ohio St.3d at 278.
 III
Appellant's assignments of error are overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] Appellant's belated attempt to frame an argument under this assignment of error in his appeal to this Court does not affect the result; Appellant has waived his right to assert arguments here that he did not present in his appeal to the common pleas court. See Zollner,66 Ohio St.3d at 278.