DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Pamela Estlock, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
 {¶ 2} This case involves a garage structure located on real property owned by Ms. Estlock in Barberton, Ohio in Summit County. Except for this garage structure, the property is undeveloped. In a letter dated November 21, 2001, the Barberton Building Department (the "Building Department") notified Ms. Estlock that pursuant to an inspection, the Building Department determined that the garage "has dilapidated to the point that partial of complete collapse is likely." [sic] The Building Department accordingly declared the garage unsafe, in violation of the City of Barberton Property Maintenance Code, and ordered that the garage be razed immediately.
 {¶ 3} On November 26, 2001, Ms. Estlock filed an appeal application with the Barberton Board of Zoning and Building Appeals (the "Board"), requesting a rescission of the razing order issued by the Building Department. The Board heard the matter at a public meeting held in January 2002, and decided to postpone making a decision until Fall 2002. At the January 2002 meeting, Ms. Estlock suggested that she tear down the existing garage and build another garage in its place. The Board held a meeting in July 2002, and voted to deny the appeal to rescind the razing order. The Board notified Ms. Estlock of this decision in a letter dated August 15, 2002. At that same meeting, the Board informed Ms. Estlock that she could not replace the existing garage with a new garage, because such a replacement would violate a Barberton city ordinance that prohibits free-standing accessory structures on real property.
 {¶ 4} On September 16, 2002, Ms. Estlock filed an administrative appeal to the Summit County Court of Common Pleas, arguing that the Board's decision that confirmed the Building Department's razing order was "legally erroneous, not based upon credible evidence and otherwise arbitrary and capricious." On December 30, 2002, the common pleas court affirmed the Board's decision, concluding that the Board's decision was "not unconstitutional, illegal, arbitrary, or unreasonable supported by a preponderance of the evidence." [sic] It is from this decision that Ms. Estlock now appeals.
 {¶ 5} Ms. Estlock asserts one assignment of error.
 Assignment of Error
"The Trial Court Erred To The Detriment Of Appellant Pamela Estlock By Affirming The Barberton Board Of Zoning And Building Appeals Order That The Garage Structure On Lot 55 Be Razed."
 {¶ 6} In her sole assignment of error, Ms. Estlock asserts that the trial court erred when it affirmed the Board's order to raze the garage on her lot. We disagree.
 {¶ 7} Ms. Estlock raises three arguments to support her contention that the common pleas court erred in affirming the Board's decision. First, Ms. Estlock asserts that the Board deviated from their established protocol of operation when it decided to vote on the matter in July rather than Fall of 2002. Second, Ms. Estlock states that she was not notified at the January 2002 meeting of the fact that replacing the current garage with another stand-alone garage would violate a Barberton zoning ordinance. Third, Ms. Estlock contends that the Board denied her request to repair the garage rather than to raze it. The record indicates that Ms. Estlock did not submit a brief to the common pleas court. Therefore, Ms. Estlock raises these issues for the first time before this Court.
 {¶ 8} Generally, issues that are not introduced in the common pleas court cannot be raised for the first time on appeal. Holman v.Grandview Hosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157. A failure to raise an issue during an administrative appeal before the common pleas court operates as a waiver of the party's right to assert the issue for the first time to an appellate court. Thrower v. AkronDept. of Public Hous. Appeals Bd., 9th Dist. No. 20778, 2002-Ohio-3409, at ¶ 20, citing State ex. Rel. Zollner v. Indus. Comm. (1993),66 Ohio St.3d 276, 278. Since Ms. Estlock has raised these issues for the first time on appeal, this Court is precluded from addressing them. Accordingly, Ms. Estlock's sole assignment of error is overruled.
 {¶ 9} Ms. Estlock's assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, P.J.
CARR, J. CONCUR