DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Doug C. Vaughn, has appealed the decision of the Summit County Court of Common Pleas granting summary judgment to Appellees, Sompo Japan Insurance Company of America and Old Republic Insurance Company. Appellees filed a cross-appeal contesting the decision of the trial court finding a valid rejection of the underinsured motorist coverage under Appellees' policies. This Court affirms the decision of the trial court.
 {¶ 2} Appellant, an employee of Bridgestone/Firestone Inc. ("Firestone"), was involved in an automobile accident on November 10, 2001, during the course of his employment. The other driver was at fault, but had insufficient insurance coverage for Appellant's injuries. At the time of the accident, Appellant was driving his own car because his employer's car was in disrepair.
 {¶ 3} Appellees' had issued two insurance policies to Firestone, covering both uninsured motorist ("UM") and under-insured motorist ("UIM") coverage. The first policy was a business-auto policy issued by Sompo Japan under its former name, The Yasuda Fire Marine Insurance Company of America. The second policy was a claims-made umbrella policy issued by Old Republic Insurance Company.
 {¶ 4} On February 26, 2004, Appellees filed a complaint for declaratory judgment against Appellant in the Summit County Court of Common Pleas, asserting that Appellant was not entitled to UIM coverage and other benefits under the policies because there was no UIM coverage existing at the time of the accident.
 {¶ 5} On April 15, 2004, Appellees moved for summary judgment, asserting first that Firestone had validly rejected uninsured/underinsured motorist ("UM/UIM") coverage. Appellees argued in the alternative, that if UM/UIM coverage existed, Appellant could still not recover because he was not using a covered auto at the time of the accident. Specifically, Old Republic argued that their policy did not contain UIM coverage, and because the policy was a claims-made policy that was issued after Ohio enacted S.B. 97, UIM coverage became entirely voluntary and contractual.
 {¶ 6} In a final order dated October 13, 2004, the trial court granted summary judgment for Sompo Japan, finding that no coverage for Appellant existed. The trial court also granted Old Republic's summary judgment motion, finding that no UM/UIM coverage existed under Old Republic's policy. However, the trial court did find that a valid rejection of UM/UIM had not occurred, but agreed that Appellant could not recover because the policy required that he be using a covered auto at the time of the accident, which he was not.
 {¶ 7} Appellant timely appealed, raising one assignment of error for our review. Appellees also raise one assignment for our review.
 ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of [Appellant] in granting [Appellees'] Motion for Summary Judgment."
 {¶ 8} In his sole assignment of error, Appellant asserts he presented a prima facie case of coverage by Appellees to the trial court through an affidavit along with exhibits. Appellant argues that the endorsement for the UM/UIM coverage included with Sompo's policy was not validly rejected, as Sompo believes it was. Consequently, the endorsement for Ohio UM/UIM coverage would then extend to all vehicles used in the course and scope of employment, or alternatively, the automobile would be covered as a temporary substitute vehicle. We disagree.
 {¶ 9} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C);Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 10} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 11} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ. R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial.State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} Only individuals who qualify as "insureds" are entitled to receive UIM benefits under an insurance policy. Caruso v. Utica Ins.Co., 9th Dist. No. 21222, 2003-Ohio-525 at ¶ 23. The separate Ohio endorsement attached to Sompo's policy to Firestone defines who is an "insured":
"B. Who Is An Insured
"If the Named Insured is designated in the Declaration as:
"* * *
"2. A * * * corporation or any other forms of organization, then the following are `insureds':
"a. Anyone "occupying" a covered "auto" or temporary substitute for a covered `auto[.]'"
 {¶ 13} In the case at bar, in order to be an insured under the Sompo policy, the individual must be driving a covered automobile at the time of the accident. Sompo's policy defines "covered autos" by symbols listed on the declarations. For UIM coverage, Symbol 6 applies. Symbol 6 autos are defined in the policy as "[o]nly those `autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorist coverage."
 {¶ 14} At the time of the accident, Appellant was driving an Ohio-licensed and garaged automobile. Such autos are not required to carry compulsory UM/UIM coverage and Appellant's auto did not fall under the Symbol 6 category of vehicles. Therefore, it was not considered to be a "covered auto" under Sompo's policy, and by definition, Appellant did not fall under the category of persons that were "insureds" under Sompo's policy. See Tharp v. Berdanier, 9th Dist. No. 21473, 2003-Ohio-6589, at ¶¶ 22-25. See, also, Lumbermens Mut. Cas. Co. v. Xayphonh, 9th Dist. No. 21217, 2003-Ohio-1482. In Tharp, the insurance policy covered only Symbol 6 autos, defined as those autos which were required to carry UIM coverage. As in Appellant's case, the auto in Tharp was an Ohio auto subject to Ohio UIM law. Since there was no required UM/UIM coverage in Ohio for that category of auto, the auto in Tharp was not a "covered auto" under the policy's definition, and the claimant was not insured:
"Ohio UM/UIM law allows an insured to reject UM/UIM coverage. See R.C.3937.18. Therefore, Robert Tharp, Sr., is not an `insured' because he was not driving a `covered auto' at the time of the accident. That is, he was not driving an automobile owned by Coca-Cola that was `required to have and cannot reject' UM/UIM coverage." Id. at ¶ 30.
The court in Hall v. Kemper Ins. Cos., 4th Dist. No. 02CA17,2003-Ohio-5457, similarly held that a "covered auto" was one that was subject to required UM/UIM coverage. Id. at ¶ 69. The auto in Hall was an Ohio auto, and therefore not subject to compulsory UIM coverage and not considered to be a "covered auto." Id. at ¶ 70-71. "Therefore, because appellants could reject UM/UIM coverage, the vehicle appellant was driving did not qualify as an auto `subject to a compulsory uninsured motorist law.' As such, it was not a `covered auto' under the Lumbermen's Business Auto policy." Id at ¶ 70.
 {¶ 15} Appellant raises two alternative arguments in his appellate brief: 1) that his automobile would qualify for coverage as a temporary substitute vehicle, and 2) that he must be covered under Sompo's policy or else Firestone's Ohio UIM coverage would be illusory. We find these contentions to be without merit, as Appellant failed to raise these arguments at the trial court level. "Issues not raised and tried in the trial court cannot be raise for the first time on appeal." Holman v.Grandview Hosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157. Appellant's failure to raise this issue before the trial court operates as a waiver of his right to assert it for the first time on appeal.Hypabyssal, Ltd. v. Akron Hous. Appeals Bd. (Nov. 22, 2000), 9th Dist. No. 20000, at 5, citing State ex rel. Zollner v. Indus. Comm. (1993),66 Ohio St.3d 276, 278. In addition, Appellant's brief failed to reassert any argument against the trial court's ruling that the Old Republic Insurance policy did not contain UIM coverage. By not asserting an argument against Old Republic's insurance policy in his appellate brief, Appellant has waived any appellate rights he had with regard to Old Republic. See App.R. 12(A)(2) and App.R. 16(A)(7). Therefore, we decline to address these arguments. This Court overrules Appellant's sole assignment of error.
 CROSS-ASSIGNMENT OF ERROR
"The trial court erred in holding that underinsured motorist coverage was not validly rejected under the Sompo Japan policy."
 {¶ 16} As we have previously found in the above discussion of the first assignment of error that Appellant was not driving a covered vehicle at the time of the accident, this cross-assignment of error is now moot and the Court declines to address it. See App.R. 12(A)(1)(c).
 {¶ 17} Appellant's sole assignment of error is overruled, and Appellees' cross-assignment of error is rendered moot and not addressed. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant/Cross-Appellee.
Exceptions.
Whitmore, J., Reader, J., concur.