OPINION
{¶ 1} Appellant appeals the January 31, 2006, decision of the Richland County Court of Common Pleas, Domestic Relations Division, finding him in contempt of court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} For purposes of this appeal, the relevant facts are as follows:
 {¶ 3} On October 15, 2004, a Complaint for Divorce was filed by Appellee Kendra Snyder along with a Request for Temporary Orders.
 {¶ 4} On October 29, 2004, an Answer to said Complaint was filed by Appellant Robert Snyder. A Request for Temporary Orders was also filed by Appellant at that time.
 {¶ 5} On November 5, 2004, the trial court filed Temporary Orders.
 {¶ 6} On November 22, 2004, the trial court filed Amended Temporary Orders.
 {¶ 7} On December 21, 2004, Revised Temporary Orders with Support Worksheet were filed.
 {¶ 8} On July 30, 2005, Appellee filed a motion to hold Appellant in contempt for violation of the temporary orders previously issued by the trial court in the pending divorce action.
 {¶ 9} The trial court scheduled a contempt hearing for July 18, 2005.
 {¶ 10} By Judgment Entry filed September 21, 2005, the trial court journalized a an agreement reached by the parties at the hearing on July 18, 2005, and further found Appellant in contempt of court for failure to make truck payments, mortgage payments, real estate taxes and utility payments. In addition to ordering the payment of the above debts, the trial court imposed a ten (10) day jail sentence but suspended same in its entirety on the condition that Appellant comply with the Court's orders to pay the subject debts.
 {¶ 11} On November 7, 2005, Appellee filed another motion seeking to hold Appellant in contempt and to compel signing of the deed and escrowing of funds with regard to the sale of the parties' real estate.
 {¶ 12} On November 10, 2005, an Order to Appear and Answer was signed by the trial court's magistrate on behalf of the trial court judge.
 {¶ 13} On November 30, 2005, a contempt hearing was held before the Honorable Robert L. Konstam.
 {¶ 14} By Judgment Entry dated January 31, 2006, Appellant was found to be in contempt and the previous jail term was imposed.
 {¶ 15} On March 6, 2006, Appellant filed the instant appeal, raising the following sole Assignment of Error for review:
 ASSIGNMENT OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT WHERE THE ORDER TO APPEAR AND ANSWER WAS SIGNED ON BEHALF OF THE JUDGE BY THE COURT'S MAGISTRATE."
 I. {¶ 17} In his sole Assignment of Error, Appellant argues that the trial court erred in finding him in contempt arguing that such order was invalid because the trial court cannot delegate his authority to sign his name to an order.
 {¶ 18} A review of the record below, however, reveals that appellant failed to object to the Magistrate's signing of the judgment entry on behalf of the trial court judge and failed to raise this issue at the trial court level herein arguing it for the first time on appeal. We find that appellant therefore has waived review of this issue by failing to raise it at the trial level.
 {¶ 19} It is well established that a party cannot raise any new issues or legal theories for the first time on appeal."Dolan v. Dolan, 11th Dist. Nos. 2000-T-0154 and 2001-T-0003,2002-Ohio-2440, at ¶ 7, citing Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 Ohio App. LEXIS 5615.
 {¶ 20} Failure to raise this issue before the trial court operates as a waiver of Appellant's right to assert such for the first time on appeal. See Hypabyssal, Ltd. v. City of AkronHous. Appeals Bd. (Nov. 22, 2000), 9th Dist. No. 20000, citingState ex rel. Zollner v. Indus. Comm. (1993),66 Ohio St.3d 276, 278, 611 N.E.2d 830. Therefore, we decline to address Appellant's assignment of error.
 {¶ 21} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.
By: Boggins, J. Wise, P.J., and Gwin, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.