[Cite as *Majesky v. Lawrence*, 2015-Ohio-49.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WILLIAM MAJESKY, JR.

    Appellant

    v.

THOMAS H. LAWRENCE, SR., et al.

    Appellees

C.A. No.     13CA010405

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10 CV 170480

DECISION AND JOURNAL ENTRY

Dated: January 12, 2015

CARR, Judge.

{¶1}	Appellant William Majesky, Jr., appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of appellees Thomas and Bonnie Lawrence. This Court affirms in part, reverses in part, and remands.

I.

{¶2}	In 1992, the Lawrences bought a ranch-style house with an attached garage in Elyria, Ohio. In 1999, they replaced their driveway, which included adding a concrete pad along the side of the garage. In 2004, Mr. Majesky bought the house next door on the side with the garage and additional concrete pad. Soon after moving in, Mr. Majesky noticed that water was infiltrating his basement along the wall closest to the Lawrences' property. Suspecting that water was draining from the Lawrences' driveway toward his house, he erected a barrier along the property line to redirect the surface water. According to Mr. Majesky, he has not had any problems with water in his basement since installing the barrier.

{¶3} In 2005, the Lawrences expanded their driveway toward the center of their lot by adding another concrete pad. In December 2010, Mr. Majesky sued the Lawrences, alleging that they had constructed their driveway negligently and that the surface water flowing off of it had created problems with his property. Mr. Majesky pleaded four claims, to wit: negligence, continuing trespass, nuisance, and a claim for punitive damages. The Lawrences moved for summary judgment, arguing that his claims were barred by the statute of limitations. They also argued that there was no evidence that they had increased the amount of surface water flowing onto his property. The trial court granted their motion on both grounds. Mr. Majesky filed a timely appeal in which he raises two assignments of error for review. This Court consolidates the assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

TRIAL COURT ERRED WHEN IT FOUND THAT [MR. MAJESKY'S] CASE IS TIME BARRED BY THE STATUTE OF LIMITATIONS.

**ASSIGNMENT OF ERROR II**

TRIAL COURT ERRED WHEN IT FOUND THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT FOR TRIAL AND GRANTED [THE LAWRENCES'] MOTION FOR SUMMARY JUDGMENT.

{¶4} Mr. Majesky argues that the trial court erred by granting the Lawrences' motion for summary judgment. This Court agrees.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6}    Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7}    To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶8}    The non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

Statute of limitations

{¶9} Mr. Majesky argues that the trial court incorrectly found that his claims are barred by the statute of limitations. The court determined that, because Mr. Majesky alleged damage to real property, his claims are subject to a four-year limitations period under R.C. 2305.09(A). It concluded that, because the Lawrences last altered their driveway in 2005, but Mr. Majesky did not file his complaint until 2010, his claims were time-barred.

{¶10} "The application of a statute of limitations presents a mixed question of law and fact. Determination of when a plaintiff's cause of action accrues is to be decided by the factfinder. But, in the absence of such factual issues, the application of the limitation is a question of law." *Wojcik v. Pratt*, 9th Dist. Summit No. 24583, 2009-Ohio-5147, ¶ 23, quoting *Cyrus v. Henes*, 89 Ohio App.3d 172, 175 (9th Dist.1993).

{¶11} In his complaint, Mr. Majesky asserted multiple causes of action. In the first, he alleged that the Lawrences negligently constructed the 2005 addition to their driveway. In the second, he alleged that surface water runoff from the Lawrences' driveway is physically invading his property, constituting a continuing trespass. In the third, he alleged that the alterations the Lawrences made to their driveway are a nuisance. He further alleged that, because the Lawrences intentionally disregarded their duty of care to him, he is entitled to punitive damages.

{¶12} Mr. Majesky argues that it does not matter when the Lawrences constructed the additions to their driveway because the problem they created is a continuing trespass, which tolls the limitations period. The Ohio Supreme Court has held that, "if a trespass is continuing rather than a single completed act, the limitations period is tolled." *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 37. According to the Supreme Court,

> When a man commits an act of trespass upon another's land, and thereby injures such other at once and to the full extent that such act will ever injure him, he is liable at once for this one act and all its effects; and the time of the statute of limitations runs from the time of such act of trespass. * * * But where the act of trespass * * * may be said to be a continuing trespass or nuisance, * * * a cause of action accrues [which] may be brought at any time * * *.

*Valley Ry. Co. v. Franz*, 43 Ohio St. 623, 625-626 (1885); *Wojcik* at ¶ 25 (explaining that a continuous trespass perpetually creates fresh violations of a plaintiff's property rights). "[T]he 'defendant's ongoing conduct or retention of control is the key' to distinguishing a continuing trespass, which tolls a statute of limitations, from a permanent trespass, which does not." *Zody* at ¶ 44, quoting *Sexton v. Mason*, 117 Ohio St.3d 275, 2008-Ohio-858, ¶ 45. "[A] continuing trespass * * * occurs when there is some continuing or ongoing allegedly tortious activity attributable to the defendant. A permanent trespass occurs when the defendant's allegedly tortious act has been fully accomplished." *Sexton* at ¶ 45.

{¶13} In its decision, the trial court did not analyze whether Mr. Majesky alleged a continuous trespass. According to Mr. Majesky, even though the Lawrences expanded their driveway in 1999 and 2005, the trespass is continuous because a fresh violation occurs every time it rains and the slope of the Lawrences' driveway directs water onto his property. We agree that, viewing the evidence in a light most favorable to Mr. Majesky, because the nature of the alleged trespass is a continuing course of conduct that is under the control of the Lawrences, it constitutes a continuing trespass or nuisance. *See id*. at ¶ 49; *Franz*, 43 Ohio St. at 628 (concluding that statute of limitation did not bar claim against company that diverted a stream and remained in control of it); *State v. Swartz*, 88 Ohio St.3d 131, 135 (2000) ("[If] one creates a nuisance * * * and permits it to remain, so long as it remains, and is within the control of the actor, the nuisance constitutes a continuing course of conduct tolling the limitations period * *

*."); *Wojcik*, 2009-Ohio-5147 at ¶ 22. The trial court, therefore, incorrectly concluded that Mr. Majesky's trespass and nuisance claims are barred by the statute of limitations.

{¶14} To the extent that Mr. Majesky alleged negligent construction by the Lawrences of their driveway in 1999 and 2005, those claims are barred by the statute of limitations. The claims for continuing trespass, nuisance, and punitive damages, however, are not so barred. Accordingly, Mr. Majesky's first assignment of error is overruled in part, and sustained in part.

Genuine issue of material fact

{¶15} Mr. Majesky has alleged alternate theories to recover for surface water runoff from the Lawrences' property onto his. Specifically, he alleged that the Lawrences both negligently and intentionally constructed the driveway in a manner to allow water to run off onto his neighboring property. In addition, he alleged that the excessive runoff is ongoing so as to create a continuing trespass and nuisance on his property. Based on our resolution of the first assignment of error, only the claims for continuing trespass and nuisance remain viable and will be addressed.

{¶16} The Lawrences alleged in their motion for summary judgment that there is no evidence that their driveway or any addition thereto causes excess water to run onto Mr. Majesky's property. The Lawrences appended the report of a consultant who inspected their driveway and concluded that the driveway "would not cause an increase of water runoff on the Majesky property." Mr. Majesky opposed the motion and argued that, due to the improper slope of the Lawrences' driveway, a slope that the Lawrences instructed the contractor to create, he experienced water runoff from the Lawrences' property onto his own every time it rained. Mr. Majesky appended his affidavit and photographs to his brief in opposition. Also included in the record are Mr. Majesky's sworn responses to the Lawrences' interrogatories.

{¶17} The trial court found no genuine issues of material fact existed because the Lawrences' consultant reported that the Lawrences' driveway sloped towards the street and because Mr. Majesky's photographs show water running from a downspout on the Lawrences' garage onto their driveway and into grass on property belonging solely to the Lawrences.

{¶18} With regard to the remaining claims for trespass and nuisance, the same standard applies to both of them because they concern the diversion of surface water. The Ohio Supreme Court has held:

> In resolving surface water disputes, courts of this state will apply a reasonable-use rule under which a possessor of land is not unqualifiedly privileged to deal with surface water as he pleases, nor absolutely prohibited from interfering with the natural flow of surface waters to the detriment of others. Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others, and the possessor incurs liability only when his harmful interference with the flow of surface water is unreasonable.

*McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.*, 62 Ohio St.2d 55 (1980), syllabus. In determining the reasonableness of the harmful interference, courts are guided by the rules set forth in the Restatement of Torts. *Id*. at 60 (citing 4 Restatement of the Law 2d, Torts, Sections 822-831, at 108-142).

> An intentional invasion of another's interest in the use and enjoyment of land is unreasonable if (a) the gravity of the harm outweighs the utility of the actor's conduct, or (b) the harm caused by the conduct is serious and the financial burden of compensating for this and similar harm to others would not make the continuation of the conduct not feasible.

4 Restatement of the Law 2d, Torts, Section 826. "The unreasonableness of an intentional invasion is determined from an objective point of view." *Id*. at cmt. c. "The question is not whether the plaintiff or the defendant would regard the invasion as unreasonable, but whether reasonable persons generally, looking at the whole situation impartially and objectively, would consider it unreasonable." *Id*.

{¶19} The Lawrences submitted a report by Timothy Calvey of Calvey Consulting, L.L.C. Although the report indicates that Mr. Calvey's "CV" (presumably, a curriculum vitae) is attached, there are no documents in the record which establish Mr. Calvey's expertise in the field of engineering or areas related to water runoff. Mr. Calvey rendered an opinion that the Lawrences' driveway sloped toward the street and "would not cause an increase of water runoff on the Majesky property." Photographs attached to the report indicate that the Lawrences' driveway slopes towards the street. There is nothing attached to the report to indicate that Mr. Calvey measured the slope of the driveway to either side. Nevertheless, based on this evidence, the Lawrences met their initial burden of demonstrating that there was no unreasonable invasion of water from their property onto Mr. Majesky's. *See Dresher*, 75 Ohio St.3d at 293.

{¶20} Mr. Majesky, however, countered with evidence demonstrating harmful interference from surface water runoff onto his property from the Lawrences' property. Mr. Majesky averred in his affidavit that Mr. Lawrence told him on two occasions that he told the contractor to slope his driveway downwards towards the property Mr. Majesky subsequently acquired, in order to keep water out of his own garage on the opposite side. Mr. Majesky further appended photographs he took which showed that the Lawrences' driveway sloped noticeably towards the Majesky property. Another photograph showed water flowing from a drainpipe on the Lawrences' garage, onto the Lawrences' driveway, and into the grassy area between the two houses. Mr. Majesky testified during his deposition that the Lawrences' property only extends beyond their driveway for 15-18 inches. Additional photographs show that a chain link fence separates the two properties, with grass on both sides of the fence. Therefore, there is no physical barrier that would prevent the water running off of the Lawrences' driveway into their grass from continuing to run into Mr. Majesky's grass. Mr. Majesky testified that he no longer

experiences water in his basement as a result of runoff from the Lawrence property because he erected physical barriers, including lumber and foliage, next to his house. However, he averred in his answers to interrogatories that he experiences a "saturation of lands," as well as an ongoing trespass and nuisance as a result of water runoff from the Lawrences' property onto his own.

{¶21} Under these circumstances, Mr. Majesky met his reciprocal burden under *Tompkins* to show that the surface water runoff from the Lawrences' property was unreasonable in that it unreasonably impacted Mr. Majesky's use and enjoyment of his property. Mr. Majesky presented evidence to show: The Lawrences' drainpipe is directed off their garage onto their driveway which slopes toward the Majesky property. Water enters the grassy area between the two homes and there is no physical barrier preventing the water from continuing to run onto Mr. Majesky's property. The lumber barrier and foliage against the Majesky home only prevent water seepage into his basement, not upon his land. There is evidence to suggest that the utility of the Lawrences' redirection of water surface water is outweighed by the harm caused by saturation on the Majesky property, particularly as there is evidence that the Lawrences intentionally directed the water from their property to the neighboring property. Therefore, a genuine issue of material fact exists and the Lawrences are not entitled to judgment as a matter of law. Accordingly, the trial court erred by granting summary judgment in favor of the Lawrences. Mr. Majesky's second assignment of error is sustained.

III.

{¶22} Mr. Majesky's first assignment of error is sustained as it relates to his claims for continuing trespass, nuisance, and punitive damages. The first assignment of error is overruled as to the negligence claim. His second assignment of error is sustained. The judgment of the

Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
CONCURS.

HENSAL, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

{¶23} Although I agree that the statute of limitations does not bar Mr. Majesky's continuing trespass and nuisance claims, the trial court correctly granted summary judgment to the Lawrences. While Mr. Majesky's affidavit and photographs indicate that the driveway on the side of the Lawrences' house slopes toward his property, the photographs show that any runoff from the driveway flows into a grassy area that is still part of the Lawrences' property. Mr. Majesky did not present any evidence that the water that runs off the Lawrences' driveway flows through the grass on to his property. He, therefore, did not demonstrate that there is a genuine issue regarding whether the Lawrences unreasonably altered the flow of surface water from their property. *See McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.*, 62 Ohio St.2d 55 (1980), syllabus. Accordingly, the trial court did not err when it granted summary judgment to the Lawrences.

<u>APPEARANCES:</u>

WILLIAM MAJESKY, JR., pro se, Appellant.

ROBERT J. KOETH and ANN E. LEO, Attorneys at Law, for Appellees.