[Cite as *Hadley v. Figley*, 2015-Ohio-4600.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JOSHUA SHAWN HADLEY, | : | JUDGES: |
| ADMINISTRATOR OF THE ESTATE | : | Hon. W. Scott Gwin, P.J. |
| OF SUZANNE BETH CLAFTIN, | : | Hon. William B. Hoffman, J. |
| DECEASED | : | Hon. Sheila G. Farmer, J. |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | Case No. 15-COA-001 |
| | : | |
| MARSHALL D. FIGLEY, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 13-CIV-048



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            November 4, 2015



APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees

O. JOSEPH MURRAY                        ROBERT P. LYNCH, JR.
10 East Main Street                     WILLIAM M. KOVACH
Akron, OH  44805                        6150 Oak Tree Boulevard
                                        Independence, OH  44131

*Farmer, J.*

{¶1}   On December 21, 2009, Marshall Figley was operating a pick-up truck when he made a left turn and struck and killed a pedestrian, Suzanne Claftin.

{¶2}   On February 12, 2013, appellant, Joshua Shawn Hadley, Administrator of the Estate of Suzanne Beth Claftin, Deceased, filed a wrongful death action against Mr. Figley, Antiques on Main Enterprises, LLC, the owner of a commercial building located at the corner of the accident, and appellee, city of Ashland.  The complaint alleged Mr. Figley failed to exercise due care in operating his motor vehicle, Antiques permitted a large rock to block the sidewalk area and create an obstruction, and appellee failed to keep the sidewalk free from obstruction and nuisance, all being a proximate contributing cause to Ms. Claflin's death.

{¶3}   On March 7, 2013, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6), claiming governmental immunity under R.C. Chapter 2744.   Appellant countered appellee had a duty to care for the sidewalk under its city charter which predated R.C. Chapter 2744.  By judgment entry filed June 21, 2013, the trial court granted the motion and dismissed appellee as a party defendant, finding the city charter did not impose liability upon appellee and appellee was immune under R.C. Chapter 2744.  The remaining claims against Mr. Figley and Antiques were resolved.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE CITY OF ASHLAND'S MOTION TO DISMISS, BECAUSE, PURSUANT TO SECTIONS

1 AND 102 OF THE CHARTER FOR THE CITY OF ASHLAND, OHIO, DEFENDANT/APPELLEE EFFECTIVELY WAIVED THE POLITICAL SUBDIVISION IMMUNITY PROTECTIONS PROVIDED BY OHIO REVISED CODE CHAPTER 2744."

II

{¶6}   "THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE CITY OF ASHLAND'S MOTION TO DISMISS, BECAUSE THE HOME RULE AMENDMENT TO THE OHIO CONSTITUTION AND SECTIONS 1 AND 102 OF THE CHARTER FOR THE CITY OF ASHLAND, OHIO, ESTABLISH A LEGAL DUTY FOR THE CITY OF ASHLAND AND/OR ITS COUNCIL TO KEEP ALL SIDEWALKS WITHIN THE BOUNDARIES OF THE POLITICAL SUBDIVISION OPEN AND FREE FROM NUISANCE."

I

{¶7}   Appellant claims the trial court erred in granting appellee's motion to dismiss because appellee effectively waived immunity under Sections 1 and 102 of the Charter of the City of Ashland.  We disagree.

{¶8}   Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228 (1990).  A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 1992-Ohio-73.  Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party*.  Byrd. v. Faber,* 57 Ohio St.3d 56 (1991).

{¶9}    In his complaint filed February 12, 2013, appellant alleged appellee was negligent "contrary to the mandate of Ashland Charter Section 102, by failing to keep the sidewalk at the intersection of Steele Avenue and East Main Street, free from obstruction and free from nuisance."  By judgment entry filed June 21, 2013, the trial court dismissed appellee from the lawsuit, finding the city charter did not impose liability upon appellee for the failure to maintain the sidewalk, and appellee was immune from liability under R.C. Chapter 2744.

{¶10}  In *Greene County Agricultural Society v. Liming,* 89 Ohio St.3d 551, 556-557, 2000-Ohio-486, the Supreme Court of Ohio explained the three tier analysis required for determining if sovereign immunity applies:

R.C. Chapter 2744 sets out the method of analysis, which can be viewed as involving three tiers, for determining a political subdivision's immunity from liability.  First, R.C. 2744.02(A)(1) sets out a general rule that political subdivisions are not liable in damages.  In setting out this rule, R.C. 2744.02(A)(1) classifies the functions of political subdivisions into governmental and proprietary functions and states that the general rule of immunity is not absolute, but is limited by the provisions of R.C. 2744.02(B), which details when a political subdivision is not immune.  Thus, the relevant point of analysis (the second tier) then becomes whether any of the exceptions in R.C. 2744.02(B) apply.  Furthermore, if any of R.C. 2744.02(B)'s exceptions are found to apply, a consideration of

the application of R.C. 2744.03 becomes relevant, as the third tier of analysis.

{¶11} R.C. 2744.02(A)(1) states the following:

For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶12} R.C. 2744.01(2)(C)(e) states a "governmental function" includes: "[t]he regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, *sidewalks,* bridges, aqueducts, viaducts, and public grounds." (Emphasis added.) It is undisputed that appellee's assumption of the care and maintenance of the city sidewalks is a governmental function under R.C. 2744.01(2)(C)(e); therefore, appellee is not liable in damages pursuant to R.C. 2744.02(A)(1), subject to R.C. 2744.02(B).

{¶13} Appellant argues appellee is liable based upon Section 102 of the Charter of the City of Ashland which states: "The Council shall provide for the care, supervision, control and improvement of public highways, streets, avenues, alleys, *sidewalks,* public

grounds, bridges, aqueducts, and viaducts, within the City, and shall cause them to be kept open, in repair and free from nuisance."   (Emphasis added.)   *See* Plaintiff's Memorandum in Opposition filed April 15, 2013.  In addition, appellant argues Section 1 states the city "may sue and be sued."

{¶14}  R.C. 2744.02(B) provides five exceptions to immunity.  Appellant argues two are potentially relevant:

> (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

> (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section

that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

{¶15} Of the defenses that reinstate immunity under R.C. 2744.03, appellant argues the only section that is "arguably relevant" is 2744.03(A)(6)(c) which states:

(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

{¶16} Appellee argues the second sentence in R.C. 2744.02(B)(5) is relevant sub judice. In support of its argument, appellee cites the case of *Weber v. Condren*, 8th Dist. Cuyahoga No. 68268, 1995 WL 558899, *7 (Sept. 21, 1995), wherein our brethren from the Eighth District reviewed an "attempt to impose liability on the city based upon

its codified ordinances, *i.e.,* that the city waived the protections afforded by Chapter R.C. 2744 through its enactment of certain ordinances." The *Weber* court stated at *7: "However, R.C. 2744.02(B)(5) specifically states that liability is not to be premised upon a responsibility which is imposed upon the political subdivision under a separate code section. Rather, the statute must expressly impose liability." We concur. Section 102 of the city charter does not expressly provide that a violation of the section "forms a basis for a civil action against the city for damages." *Weber* at *7.

{¶17} Despite the language in R.C. 2744.02(B)(5), appellant argues appellee waived its immunity under Section 1 of the city charter with the language that it "may sue or be sued."

{¶18} It is necessary to look at the time and genesis of the city charter. Appellee adopted its charters "on June 18, 1914 and went into effect on January 1, 1916," nearly one hundred years ago. Appellant's Brief at 12. At that time, the common law was that the sovereign could not be sued. The blanket language of "may sue or be sued" is not a carved out exception contemplated by R.C. 2744.02(B)(5).

{¶19} Upon review, we find the trial court did not err in granting appellee's motion to dismiss as argued hereunder.

{¶20} Assignment of Error I is denied.

II

{¶21} Appellant claims the trial court erred in granting appellee's motion to dismiss because the Home-Rule Amendment to the Ohio Constitution and Sections 1 and 102 of the city charter established a legal duty to keep the sidewalks in repair and free from nuisance and they take precedence over R.C. Chapter 2744.

{¶22} As pointed out by appellee, this issue was neither raised nor argued to the trial court. As stated by this court in *Snyder v. Snyder,* 5th Dist. Richland No. 2006 CA 0022, 2006-Ohio-4795, ¶ 19-20:

"It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan,* 11th Dist. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 Ohio App. LEXIS 5615.

Failure to raise this issue before the trial court operates as a waiver of Appellant's right to assert such for the first time on appeal. See *Hypabyssal, Ltd. v. City of Akron Hous. Appeals Bd.* (Nov. 22, 2000), 9th Dist. No. 20000, citing *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830.

{¶23} We decline to address appellant's argument hereunder.

{¶24} Assignment of Error II is denied.

{¶25}  The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. concurs.

Hoffman, J. concurs separately.

SGF/sg 1008

*Hoffman, J., concurring*

{¶26} I concur in the majority's analysis and disposition of Appellant's two assignments of error. I write separately only with regard to the effect of the language "may sue or be sued" in the City of Ashland's Charter. I find such language insufficient to waive the City's sovereign immunity for the reason set forth in *Horton v. City of Dayton*, 53 Ohio App.3d 68, 558 N.E.2d 79 (1988), wherein the Second District held,

Perhaps a charter city, or any other city for that matter, might have the inherent power to waive the immunity from tort liability provided in R.C. Chapter 2744. However, such a waiver, like any other waiver, would have to be knowingly and intelligently made. We have reviewed Dayton Police Department General Order 3.02-1. While that order commendably encourages police officers to exercise reasonable care in the operation of their cruisers while responding to emergency calls, including the operation of emergency lights and siren, we do not find that it expresses Dayton's intention to waive its immunity from tort liability.

In a "Notice of Additional Authority" filed after the arguments in this case, Horton refers to Section 1 of the Dayton City Charter, which provides that:

"The inhabitants of the City of Dayton * * * shall be a body politic and corporate by the name The City of Dayton, and as such shall have perpetual succession; may use a corporate seal; may sue and be sued * * *."

Presumably, Horton intends us to infer from this charter provision that the city of Dayton intended thereby to waive any immunity from suit to which it might otherwise be entitled. We decline to do so.

We infer from the referenced charter provision simply an intention to create a juridical entity, cognizable as a person in the courts. In this connection we note that the immunity from liability provided for in R.C. 2744.02 is not universal, but limited, so that it is not incompatible with the charter provision that the city "may be sued." R.C. 2744.02 admits of the possibility that the city of Dayton may be sued, and successfully sued, under a variety of circumstances. Consequently, we cannot read into the charter's simple provision that the city of Dayton "may sue and be sued" a knowing and intelligent waiver of its immunity from tort liability provided for in R.C. 2744.02.


_____
HON. WILLIAM B. HOFFMAN