[Cite as *Large v. Lilley*, 2018-Ohio-1017.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM T. LARGE | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 17 CAE 06 0043 |
| | : | |
| RHONDA J. LILLEY, TRUSTEE | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Delaware County Court
of Common Pleas, Case No. 15 CVC 11
0778


JUDGMENT:                      AFFIRMED


DATE OF JUDGMENT ENTRY:        March 15, 2018


APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

D. LUKE MEENACH                         BELINDA S. BARNES
4930 Reed Road, Suite 200               LORIE E. THOMSON
Columbus, OH 43220                      471 East Broad St., 19th Floor
                                        Columbus, OH 43215-3872

*Delaney, J.*

{¶1} Plaintiff-Appellant William T. Large appeals the May 31, 2017 judgment entry of the Delaware County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} In 2014, Plaintiff-Appellant William T. Large filed a complaint in the Delaware County Court of Common Pleas alleging Defendant-Appellee Rhonda J. Lilley, Trustee, made alterations to her property that caused water to drain onto Large's property. Large claimed the drainage constituted a trespass onto his property and caused damage to his basement and driveway. Large voluntarily dismissed the complaint and refiled the complaint on November 20, 2015.

{¶3} After Lilley filed her answer to the complaint, Large filed a motion for summary judgment arguing that based on his attached expert reports, there was no genuine issue of material fact that Lilley's alterations to her property caused water to drain to Large's property. The water drainage then caused damage to Large's basement and driveway. Lilley filed a response to the motion for summary judgment. On January 11, 2017, the trial court denied the motion for summary judgment. It found Large's expert reports created a genuine issue of material fact whether Lilley's actions were the cause of the damage to Large's basement and driveway.

{¶4} The matter proceeded to a jury trial on May 23, 2017. The following facts were adduced at trial.

{¶5} Large is the original owner of a home located in a residential subdivision in Dublin, Ohio. The home is a two-story residence with a basement. Large has resided at the address since 1982. Lilley purchased the home next door in 1994.

{¶6} In between Large's and Lilley's properties is swale (an earthen depression) constructed by the subdivision developers for water drainage purposes. To the other side of Large's home is a walkway with a French drain.

{¶7} In 1998, Lilley planted trees with mounded landscaping to the side of her property. When Lilley purchased the residence, there was a shed attached to the back of the garage. In 2003, Lilley removed a wall between her garage and shed to create a tandem garage. She also replaced the siding on the shed and installed a downspout on the northwest corner of the shed. In 2008, Lilley replaced the home's gutters with bigger gutters, added a downspout to the northeast corner of the shed, and replaced the roof. The downspouts diverted water from Lilley's property into the swale between Large's and Lilley's properties. In 2008 or 2009, Lilley had two dead trees removed and replaced.

{¶8} In 2003, Large noticed water accumulating in his backyard after every rain event. Also in 2003, he observed a fine line crack in the basement wall of his residence. In 2007, Large noticed the crack in the basement wall was more pronounced and the wall was bowing. Large also noticed cracks in his driveway in 2007. Large installed support beams on the basement walls in 2008. Large testified the crack in the basement wall was about two-fingers wide.

{¶9} Large claimed water accumulated on his property and down his driveway because the downspouts on Lilley's residence were directed into the swale. He also claimed the landscaping changes made by Lilley altered the elevation of her property, causing water to accumulate in his backyard and down his driveway.

{¶10} Large has a sump pump in his basement. He testified that he kept it running, but he has turned it off when the sump pump was dry so the motor did not burn out. Large

never dug up the foundation of his home to waterproof or to ensure the sump pump system was working properly.

{¶11} On cross examination, Large was shown aerial photos taken by the City of Dublin that showed cracks in his driveway in 1999, 2004, and 2009.

{¶12} Eric Drozdowski, a senior project engineer with a forensic engineering and investigation firm, testified on behalf of Large. He testified Large hired his firm in June 2016 to investigate and analyze the drainage issues on his property. Drozdowski visited the property for two hours in June 2016. At the time of his visit, there was no standing water on the property. Drozdowski relied upon his personal observation of the properties and information provided by Large to give the opinion that Lilley's changes to the downspouts and landscaping caused soil saturation during rain events, which then caused pressure to Large's basement walls. At the time of his investigation, Drozdowski observed that Large's sump pump was unplugged. Large told him he unplugged it because it operated continuously. It appeared to Drozdowski the float switch on the sump pump was not functioning properly.

{¶13} Drozdowski did not provide an opinion as to the cause of the cracks in Large's driveway. The deposition of Frank Petruzzi, the owner of a general contracting company, was read to the jury.

{¶14} Large submitted his exhibits and rested. Lilley moved for a directed verdict under Civ.R. 50(A). She argued that under R.C. 2305.09(D), there is a four-year statute of limitations for tort actions for injury or damage to real property. Lilley argued that Large's testimony was that he first noticed the crack in the basement wall in 2003 and by 2007, the crack in the basement wall was larger. Evidence was also presented that cracks

were present in Large's driveway as early as 1999. Large filed his original action in 2014 and refiled action in 2015, claiming damages to his property based on water intrusion from Lilley's property.

{¶15} Lilley also claimed that Large failed to present any evidence that Lilley's actions caused damage to the driveway.

{¶16} Large responded that when he first noticed the basement wall crack in 2003, he was unsure what caused the damage. It was not until the crack was larger and upon research that he concluded the damages were the responsibility of Lilley. Large contended therefore his cause of action was not filed outside the statute of limitations.

{¶17} The trial court granted Lilley's motion for directed verdict. The trial court agreed the damage to the basement wall was noticeable in 2007; Large, therefore, filed his complaint for damages outside the statute of limitations. The trial court also found Large did not meet his burden to demonstrate causation as to the damage to the driveway.

{¶18} The trial court journalized its judgment on May 31, 2017. It is from this judgment Large now appeals.

## ASSIGNMENT OF ERROR

{¶19} Large raises one Assignment of Error:

{¶20} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR DIRECTED VERDICT ON THE FINDING THAT APPELLANT'S CLAIMS WERE BARRED BY THE FOUR-YEAR STATUTE OF LIMITATIONS PROVIDED IN OHIO REVISED CODE SECTION 2305.09(D)."

## ANALYSIS

{¶21} Large contends in his sole Assignment of Error that the trial court erred in granting Lilley's motion for directed verdict. We disagree.

{¶22} A trial court's decision on a motion for directed verdict presents a question of law, which an appellate court reviews de novo. *Wayt v. DHSC, LLC*, 2017-Ohio-7734, -- N.E.3d --, ¶ 131 (5th Dist.) citing *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170. Civil Rule 50 provides for a motion for directed verdict, which may be made at the opening statement of the opponent, at the close of opponent's evidence, or at the close of all the evidence. Upon receiving the motion, the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. Civil Rule 50(A)(4). If the trial court finds on any determinative issue reasonable minds could come but to one conclusion on the evidence submitted, then the court shall sustain the motion and direct the verdict as to that issue. A directed verdict is appropriate where a plaintiff fails to present evidence from which reasonable minds could find in plaintiff's favor. *See Hargrove v. Tanner*, 66 Ohio App.3d 693, 586 N.E.2d 141 (9th Dist. 1990).

### The Basement

{¶23} When Lilley moved for a directed verdict at the close of Large's evidence, she argued Large's claims for damage to his basement were barred by the statute of limitations. Lilley argued that because Large alleged damage to real property, his claims were subject to a four-year statute of limitations period under R.C. 2305.09(A). In response, Large argued the evidence showed that Large realized Lilley caused the damage to his property within the statute of limitations. The trial court agreed with Lilley

that Large became aware of the damage to the basement wall as early as 2003 and as late as 2007. Large's complaint for damages was initially filed in 2014 and refiled in 2015, therefore outside the statute of limitations.

{¶24} On appeal, Large argues the statute of limitations does not bar his claims because the manner of trespass tolled the statute of limitations. He agrees if he was alleging a permanent trespass, the four-year statute of limitations would bar his claims. A permanent trespass involves a single, completed act. Large argues on appeal that Lilley engaged in a continuous trespass because when she changed her landscaping and downspouts, a fresh violation of his property rights occurred every time it rained and water runoff was directed onto his property. A continuing trespass occurs when there is some continuing or ongoing allegedly tortious activity attributable to the defendant. *Sexton v. Mason*, 117 Ohio St.3d 275, 2008-Ohio-858, ¶ 45. The Ohio Supreme Court has held that, "if a trespass is continuing rather than a single completed act, the limitations period is tolled." *Majesky v. Lawrence*, 9th Dist. Lorain No. 13CA010405, 2015-Ohio-49, ¶ 12 quoting *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 37.

{¶25} Lilley responds that Large is raising the issue of continuing trespass for the first time on appeal. Upon review of the record, we find Large did not raise or argue the issue of continuing trespass to the trial court after Lilley moved for a directed verdict based on the statute of limitations. In response to Lilley's argument for directed verdict, Large argued he filed his claim within the statute of limitations because he became aware of who was responsible for the damage to his basement within the four-year statute of limitations period. Lilley made no mention of the issue of continuing trespass and whether the statute of limitations was tolled.

{¶26} This Court has previously stated:

"It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Nos. 2000-T-0154 and 2001-T-2003, 2002-Ohio-2440 [2002 WL 1012575], at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their argument in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99-L-193 [2000 WL 1774136], 2000 Ohio App. LEXIS 5615.

Failure to raise this issues before the trial court operates as a waiver of Appellant's right to assert such for the first time on appeal. *See Hypabyssal, Ltd. v. City of Akron Hous. Appeals Bd.* (Nov. 22, 2000), 9th Dist. No. 20000 [2000 WL 1729471], citing *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830.

*Hadley v. Figley*, 2015-Ohio-4600, 46 N.E.3d 1129, ¶ 22 quoting *Snyder v. Snyder*, 5th Dist. Richland No. 2006 CA 0022, 2006-Ohio-4795, ¶ 19-20.

{¶27} We therefore decline to address Large's argument on appeal that the statute of limitations was tolled as to his claim for damages to his basement. Large has made no further argument in support of his appeal of the trial court's decision to grant a directed verdict in favor of Lilley.

**The Driveway**

{¶28} Lilley also moved for a directed verdict at the close of Large's evidence based on the lack of causation evidence for the alleged damages to the driveway. The

evidence showed cracks in the driveway as early as 1999, but Lilley argued there was no causation evidence as to the damages to the driveway. The trial court agreed and granted a directed verdict in favor of Lilley.

{¶29} Upon review of his arguments on appeal, we find Large did not specify any error as to the trial court's decision regarding causation and the alleged driveway damages.

### De Novo Review

{¶30} Upon our de novo review of the trial court's judgment to grant a directed verdict in favor of Lilley, we find the trial court's decision is supported by the record. The issue of continued trespass and the statute of limitations was not presented to the trial court and is therefore waived on appeal.

{¶31} Large's sole Assignment of Error is overruled.

### CONCLUSION

{¶32} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.