[Cite as *People's Bank, N.A. v. Garcia*, 2018-Ohio-4365.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| PEOPLE'S BANK, N.A. | : | Hon. John W. Wise P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18 CA 8 |
| JESSICA N. GARCIA, ET AL | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Civil appeal from the Guernsey County
Court of Common Pleas, Case
No.15CV420

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 25, 2018

APPEARANCES:

For Plaintiff-Appellee

JONATHAN A. VELEY
2034 Cherry Valley Road
Newark, OH 43055

For Defendant-Appellant

JESSICA N. GARCIA Pro Se
225 Long Street
Cambridge, OH 43725

*Gwin, J.,*

{¶1} Appellant appeals the March 22, 2018 judgment entry of the Guernsey County Court of Common Pleas confirming sale and ordering deed and distribution.

*Facts & Procedural History*

{¶2} On October 16, 2015, appellee People's Bank, N.A., filed a foreclosure complaint against appellant Jessica Garcia in regards to the property located at 225 Long Street in Cambridge, Ohio. Appellee filed a motion for default judgment against appellant on February 9, 2016. The trial court sent a notice to appellant that the motion for default had been filed and scheduled a non-oral hearing on March 10, 2016. The trial court continued the non-oral hearing to April 4, 2016 and ordered appellee to clarify the legal description and attach the Court's docket sheet to the final judicial report. Appellee filed an amended final judicial report on March 31, 2016.

{¶3} On July 22, 2016, the trial court granted appellee's motion for default judgment against appellant and issued a foreclosure decree. The foreclosure decree contains Rule 54(B) language that it is a final appealable order and there is no just cause for delay. Appellant did not appeal the foreclosure decree.

{¶4} The premises at 225 Long Street was vandalized on August 28, 2016. Appellant filed a claim through her insurance company State Farm Fire and Casualty Company ("State Farm").

{¶5} On February 3, 2017, appellee filed a motion for order authorizing Tim Lile as a private selling officer to sell the real property at public auction. The trial court granted the motion on February 6, 2017. Appellee filed a notice of sale on January 11, 2018. The notice of sale provided the sale was set for January 31, 2018. There were no bids at the

January 31, 2018 sale, so the private selling officer rescheduled the sale with no reserve for February 21, 2018.

{¶6} On February 20, 2018, appellant filed a motion to vacate. Appellant stated in her motion that there was an insurance payment from State Farm and that appellee agreed to her proposal to accept the payment from State Farm as full payment on the mortgage loan and any deficiency. Appellant attached a letter from Attorney Ong outlining appellant's proposal that appellee accept the State Farm settlement check for full payment on the loan and deficiency.

{¶7} The property was sold on February 21, 2018.

{¶8} Appellee filed a memorandum contra to appellant's motion to vacate on February 22, 2018. Appellee confirmed that it did receive the check from State Farm and also received the letter from Attorney Ong. However, appellee stated that it never accepted appellant's offer and that it received the check from State Farm pursuant to the mortgagee clause in State Farm's policy. Appellee attached Exhibit A, a letter from State Farm to appellee, stating State Farm denied claim payment to appellant, but since appellee complied with the mortgage clause under the policy, the claim payment was enclosed. Appellee also attached Exhibit B, the affidavit of Jonathan Veley, ("Veley") attorney for appellee. Veley confirmed that the letter from Attorney Ong was an offer to settle all claims against appellant and her mother for deficiencies owed to appellee for the amount of appellant's insurance claim arising out of vandalism to the property at issue. Veley stated he spoke with Attorney Ong on April 10, 2017 and rejected the offer. The trial court denied appellant's motion to vacate on February 22, 2018.

{¶9}   On March 22, 2018, the trial court entered a journal entry confirming sale and ordering deed and distribution.

{¶10}  Appellant filed a notice of appeal of the March 27, 2018 journal entry of the Guernsey County Court of Common Pleas and assigns the following as error:

{¶11}  "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THERE WAS NO BREACH OF ANY CONTRACT BETWEEN THE PARTIES.

{¶12}  "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING PLAINTIFF DID NOT COMMIT FRAUDULENT MISREPRESENTATION.

{¶13}  "III. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT PLAINTIFF DID NOT MAKE ANY DEFAMATORY STATEMENTS IN THE SALE OF THE PREMISES AT ISSUE."

## I., II., III.

{¶14}  Appellant's notice of appeal was filed on March 27, 2018.  Appellant attached to her notice of appeal a copy of the trial court's March 22, 2018 judgment entry confirming the sale.

{¶15}  There are two judgments appealable in foreclosure actions: the order of foreclosure and the confirmation of sale. *CitiMortgage v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140.  Because the judgment of foreclosure was a final appealable order, the entry overruling the motion to vacate the judgment is likewise final and appealable. *Aurora Bank F.S.B. v. Gordon*, 8th Dist. Cuyahoga No. 103138, 2016-Ohio-938, *appeal not allowed sub nom. Aurora Bank F.S.B. v. Gordon*, 146 Ohio St.3d 1471, 2016-Ohio-5108, 54 N.E.2d 1269.

**{¶16}** With regards to the March 22, 2018 judgment entry confirming the sale, "the confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to the law" and the only arguments properly before this Court are those related to the procedures employed in the sale and whether the trial court abused its discretion in confirming the sale. *CitiMortgage v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140.

**{¶17}** As noted under the facts, appellant did not file an appeal from the trial court's entry and decree in foreclosure, which contained Civ.R. 54(B) "no just reason for delay" language. Further, appellant did not file a timely appeal from the February 22, 2018 judgment entry denying her motion to vacate.

**{¶18}** Rather, the only timely appeal in this case is from the trial court's March 22, 2018 confirmation entry of sale and distribution of proceeds. The issues raised in appellant's pro se brief, however, focus solely on the merits of the foreclosure judgment and the denial of her motion to vacate, rather than the order confirming the sale. Appellant assigns no error to the judgment entry confirming the sale. Thus, since appellant failed to timely appeal the foreclosure decree and the entry denying her motion to vacate, any issues concerning these entries have been waived and those issues may not be raised in an appeal from the order confirming sale. *Wells Fargo Bank, N.A. v. Parrish*, 10th Dist. Franklin No. 15AP-243, 2015-Ohio-4045; *U.S. Bank, N.A. v. Alex*, 8th Dist. Cuyahoga No. 101276, 2015-Ohio-871.

**{¶19}** Further, as noted by appellee, while appellant made an offer to appellee, the offer was never accepted by appellee. Thus, the requirements for the formation of a

contract were not met.  *Huth v. Kus*, 5th Dist. Tuscarawas No. 2017 AP 06 0015, 2018-Ohio-1931.

{¶20} Finally, as to appellant's second and third assignments of error, these arguments were not made to the trial court.  Failure to raise these issues before the trial court operates as a waiver of appellant's right to assert such for the first time on appeal. *Large v. Lilley*, 5th Dist. Delaware No. 17 CAE 06 0043, 2018-Ohio-1017.

{¶21} Based on the foregoing, appellant's assignments of error are overruled.

{¶22} The March 22, 2018 judgment entry of the Guernsey County Court of Common Pleas is affirmed.


By Gwin, J.,

Wise, John, P.J., and

Delaney, J., concur